E. C. SCHUSTER, Appellant, v. WILLIAM MILLER et al.,
Appellees.

**WATERS AND WATERCOURSES: Uncertain Record.** Record reviewed, and held too uncertain to justify the court in reviewing the findings of fact by the trial court.

*Appeal from Polk District Court.*—JOSEPH E. MEYER,
Judge.

MARCH 15, 1920.

SUIT in equity, to enjoin the defendants from interfering with the flow of surface water in its natural course. After trial upon the merits, the district court dismissed the plaintiff's petition, and he appeals.—*Affirmed.*

*J. E. Holmes* and *M. E. Van Laningham,* for appellant.

No appearance for appellees.

EVANS, J.—We have no argument for appellees. The plaintiff put in evidence Exhibit A, as follows:

The plaintiff is the owner of Lots 24, 25, and 26. The defendant Miller is the owner of Lots 27, 28, 29, and other lots. The defendant's lots lie west of those of the plaintiff. There is a natural watercourse, which enters these lots near the northwest corner of Lot 26, and carries surface water in a southerly and southwesterly direction into a culvert across Bundy Street. The general contention of plaintiff, as appellant, is that the location of such watercourse is as shown upon Exhibit A. We are satisfied, however, that this

is an erroneous claim, either through inadvertence of the plaintiff or otherwise. Plaintiff called one Dickinson, an engineer, as a witness, who testified to the elevations of the surface in the immediate vicinity of the watercourse. It appears that this watercourse is something of a zone, and extends either along or close to the line between Lots 26 and 27, for a considerable distance from the north. Near the south end, it bears further to the west, the lowest point, according to the testimony of plaintiff's engineer, being 32 feet west of the southwest corner of Lot 26. The difference in elevation, for a considerable space, is a matter of inches. Concerning Exhibit A, Dickinson testified as follows:

"Exhibit A does not show the correct position of the natural watercourse. The change would be in the middle of the lot there. Move it south, it run down the middle of Lot 27. My claim is it would strike within a very few feet—I would say 5 anyway—of the northwest corner of Lot 26. In other words, it would strike within 5 feet, one way or the other, of Lot 26, depending on the fill or accretion from wash to the north which has been deposited there. The natural watercourse would follow the west line of Lot 26, about 25 feet to the south. From there, it would shoot in a straight line to a point on the north line of Bundy Street, 32 feet west of the southwest corner of Lot 26."

It is very certain, upon this record, that the center of the watercourse cannot be shifted more than 32 feet west of the southeast corner of Lot 27, or the southwest corner of Lot 26. The contention of plaintiff, as indicated by the exhibit, locates such watercourse as extending across Lots 27 and 28, and cutting the corner of Lot 29. The testimony for the defendants is to the effect that the watercourse comes into Lot 26 at from 10 to 20 feet east of its northwest corner, and extends south along the west line for more than half its length, and that then it bears slightly into Lot 27, and cuts the southeast corner thereof. The record does not

disclose the width of these lots. We cannot state, therefore, how much variance there is between the location claimed by plaintiff on his plat and the location fixed by his engineer. Assuming that the natural course of the water would carry it across the south line of these lots at a point 32 feet west of the southwest corner of Lot 26, there is nothing in the record before us to show that the water does not pass out at such point now. Both of these parties have done more or less filling of their respective lots; but the most that is disclosed by the record is that the defendant has prevented the flow of water along the course indicated upon Exhibit A. In view of the uncertainty of the record in this regard, we would not be justified in attempting a review of the finding of facts by the district court. The burden on the merits was upon the plaintiff in the district court. Not only is the same burden upon him in this court, but the burden of the record is upon him, also. The decree entered below will, therefore, be—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.